IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALPHA AND OMEGA FINANCIAL SERVICES, INC., d/b/a LIVING WEALTH,**

  **Plaintiff,**

v.

**BRENT KESLER, SCOTT SCHLESENER, AND BRANDY BRIMHALL,**

  **Defendants.**

Case No. 18-4015-DDC-KGS

## MEMORANDUM AND ORDER

  The case comes before the court on plaintiff Living Wealth's Motion for Preliminary Injunction (Doc. 3) against defendants for alleged violations of the Copyright Act and Lanham Act. Defendants Scott Schlesener and Brandy Brimhall jointly submitted a Memorandum in Opposition. Doc. 51. Defendant Brent Kesler filed a Memorandum in Opposition separately. Doc. 47. Plaintiff then filed a Reply. Doc. 61.

  On September 17, 2018, the court conducted an evidentiary hearing on plaintiff's motion. At the hearing, each party had the opportunity to present evidence and cross-examine witnesses. Also, the parties stipulated to admit exhibits presented or discussed at the hearing. Doc. 80. Last, the court allowed the parties to submit post-hearing briefs. Docs. 76, 77, 78.

  Having considered the evidence presented, the briefs and arguments of counsel, and the governing law, the court denies plaintiff's motion for a preliminary injunction. The court finds that plaintiff has not carried its burden to show irreparable harm.

**I.     Facts**

Plaintiff Living Wealth serves as a general agent for life insurance companies and earns commissions selling life insurance and other financial products to consumers. Defendants Brent Kesler, Brandy Brimhall, and Scott Schlesener are plaintiff's former sales agents. Mr. Schlesener and Ms. Brimhall left the company sometime between June 15–19, 2017; Mr. Kesler left the company on August 31, 2017.

Plaintiff gives presentations to small and medium-sized groups in the company's target market, consisting of doctors, dentists, chiropractors, and multi-level marketing organizations. The parties dispute ownership of specific sales materials used for these presentations. Relevant here are the following: (1) the Infinite Banking for Beginners ("IBB") PowerPoint sales presentation, which, plaintiff asserts, it created without "material" assistance from defendants, and (2) the Velocity of Money visual materials. Plaintiff also asserts it created the Velocity materials without any material assistance from defendants. Defendants Ms. Brimhall and Mr. Schlesener contend that they created the IBB PowerPoint. The IBB PowerPoint contains a slide developed from the Velocity of Money materials.

Plaintiff applied for and received registration from the United States Copyright Office for the IBB PowerPoint and the Velocity of Money visual materials on March 1, 2018, and June 7, 2018, respectively.

Plaintiff asserts that during the time it employed defendants, they had access to the IBB PowerPoint sales presentation. Plaintiff also claims that Mr. Kesler, after leaving the company, posted a sales presentation on YouTube, which is almost identical to plaintiff's IBB PowerPoint sales presentation. Mr. Kesler's presentation also includes a slide that, plaintiff contends, is nearly identical to plaintiff's Velocity of Money visual material.

Mr. Kesler's presentation includes a photograph of David Pietsch, a multi-level marketing professional and one of plaintiff's prominent clients. The presentation indicates that Mr. Pietsch gave Mr. Kesler a favorable testimonial; but, plaintiff asserts that Mr. Pietsch never authorized Mr. Kesler to use his name or likeness. Instead, plaintiff alleges that Mr. Pietsch hasn't spoken to Mr. Kesler in more than three years. In response, Mr. Kesler states that he removed this testimonial from his presentation immediately after becoming aware of Mr. Pietsch's affidavit in this case.

For Ms. Brimhall and Mr. Schlesener, plaintiff alleges that Ms. Brimhall accessed plaintiff's files, including a nearly identical, derivative version of the IBB PowerPoint from an online, cloud-based server without plaintiff's permission. Plaintiff also asserts that Ms. Brimhall changed the presentation to make it seem like Mr. Schlesener had prepared it for Wealth Kinetix, Ms. Brimhall's new firm. Ms. Brimhall also changed the title of the presentation—from "Infinite Banking for Beginners" to "Infinite Banking Basics"—but, otherwise, she did not change the presentation.

Last, plaintiff allege that Mr. Kesler, in affiliation with Ms. Brimhall and Mr. Schlesener, started and continues to operate "The Money Multiplier" website. The site includes a "Member Success Stories" section, featuring a photograph and purported testimonial from Dr. Michael Strangherlin, another one of plaintiff's clients. Much like Mr. Pietsch, plaintiff alleges that Dr. Strangherlin is not defendants' client and that he never authorized defendants to reference him or use his words or likeness in marketing materials. Mr. Kesler claims that Dr. Strangherlin both provided the favorable testimonial and gave his permission to use it. But, Mr. Kesler states that he removed this testimonial immediately from his website after learning of Mr. Strangherlin's affidavit.

3

Plaintiff seeks to enjoin defendants' use of its allegedly copyrighted materials under the Copyright Act and Lanham Act.

## II. Legal Standard

### A. Preliminary Injunctions

Both the Copyright Act and the Lanham Act permit the court to issue an injunction. Copyright Act, 17 U.S.C. §502(a); Lanham Act, 15 U.S.C. § 1116(a). The limited purpose of a preliminary injunction under Fed. R. Civ. P. 65 is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A party seeking a preliminary injunction must show a clear and unequivocal right to relief. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citations omitted). The moving party must establish:

> (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Id.* (citations omitted).

Whether to issue a preliminary injunction rests within the court's sound discretion. *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). A preliminary injunction is an extraordinary remedy, so the right to relief must be "clear and unequivocal." *Id.* "In general, 'a preliminary injunction . . . is the exception rather than the rule.'" *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)).

**III.     Irreparable Harm**

The court begins with the irreparable harm prong of the preliminary injunction standard. Finding this requirement unmet, the court denies plaintiff's motion. "[C]ourts have consistently noted that '[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'" *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260–61 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)).

Irreparable harm "'does not readily lend itself to definition.'" *Id.* at 1262 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)). And proving irreparable harm is not "'an easy burden to fulfill.'" *Id.* (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). "Irreparable harm is not harm that is merely serious or substantial." *Id.* (citations and internal quotation marks omitted).

The court finds that plaintiff has failed to shoulder its burden to establish irreparable harm if the injunction does not issue. The court first addresses whether a presumption of irreparable harm is warranted under the Copyright Act and Lanham Act. Finding that no presumption is warranted, the court then assesses whether the evidence establishes irreparable harm. The court ultimately concludes it does not.

### A. No Presumption of Irreparable Harm

Plaintiff contends that—upon a showing of likely success on the merits[1]—it is entitled to a presumption of irreparable harm under both the Copyright Act and the Lanham Act. *See* Doc. 33 at 14–16, 21–22. But, plaintiff acknowledges that the Supreme Court called this presumption into question in *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). In *eBay*, the Supreme Court rejected the Federal Circuit's "general rule that courts will issue permanent inunctions against patent infringement absent exceptional circumstances" under the Patent Act. *Id.* (citation omitted). Instead, the Court held that, under well-established principles of equity, plaintiffs must satisfy the four-factor injunctive relief test. *Id.* at 392. Thus, a plaintiff suing under the Patent Act is not entitled to a presumption of irreparable harm.

But, plaintiff argues that *eBay* does not preclude the court from applying a presumption of irreparable harm under the Copyright Act. And, plaintiff contends that the court should rely on a Tenth Circuit precedent decided 10 years before *eBay*. *See Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288–89 (10th Cir. 1996) ("Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, we join the overwhelming majority of our sister circuits and recognize a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits.").

The court doesn't agree with plaintiff's proposition. In *eBay*, the Court noted that its interpretation of a court's ability to grant injunctive relief under the Patent Act was consistent with the Court's treatment of injunctions under the Copyright Act. *Id.* at 392–93 ("And as in our decision today, this Court has consistently rejected invitations to replace traditional equitable

---

[1] The court assumes, without deciding, that plaintiff could show a likelihood of success on the merits under both the Copyright Act and Lanham Act.

considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." (citations omitted)). The court reads *eBay* to support the unremarkable conclusion that courts cannot forego the irreparable harm analysis before granting injunctive relief under the Copyright Act. And, the court also concludes, an independent evaluation of irreparable injury is consistent with the Lanham Act. *Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 522 F. Supp. 2d 1318, 1325 (D. Kan. 2007) ("Under the Lanham Act, the court may grant an injunction 'according to the principles of equity and upon such terms as the court may deem reasonable.'" (quoting 15 U.S.C. § 1116(a))). In sum, the court declines to presume irreparable harm without assessing the underlying facts of this case.

### 1. Copyright Act

Plaintiff asserts that defendants' copyright infringement has caused and will cause plaintiff to sustain irreparable harm. More specifically, plaintiff contends that the materials it claims a copyright in are "critical to [plaintiff's] business." Doc. 78 at 14. These materials, plaintiff asserts, are a "unique method of advertising its product in a niche market, a method that has proven successful over [plaintiff's] existence[.]" *Id.* Defendants respond by noting that more than a year has passed since they stopped working with plaintiff as independent contractors, and plaintiff has not identified even one instance where plaintiff purportedly has suffered a concrete financial loss because of any actions by defendants.

Defendants' argument is a persuasive one. Plaintiff presented no evidence at the hearing that it has lost any customers because of defendants' conduct; in fact, testimony from one of plaintiff's witnesses established that plaintiff has not used the IBB PowerPoint including the Velocity of Money graphic since this lawsuit began. Thus, the court finds speculative plaintiff's assertion that these materials are so critical that plaintiff requires a preliminary injunction.

7

Plaintiff also contends that defendants have infringed on its copyrights for more than a year. But it fails to show how this alleged infringement has affected its sales or business opportunities. *See, e.g.*, *Cy Wakeman, Inc. v. Nicole Price Consulting, LLC*, 284 F. Supp. 3d 985, 994 (D. Neb. 2018) ("Wakeman presented no evidence that her book sales or speaking engagements had been affected by Price's alleged appropriation of Wakeman's copyright materials—and, even if such evidence had been presented, there is no reason that the injury of lost customers or lost sales could not be remediated with money damages." (citations omitted)).

And, plaintiff asserts, it faces a "serious risk that defendants' wrongful conduct will continue, eroding [plaintiff's] market share and damaging [plaintiff's] goodwill." Doc. 61 at 15 (citing *Advisors Excel, LLC v. Zagula Kaye Consulting, LLC*, No. 15-4010-DDC-KGS, 2015 WL 736344, at *3 (D. Kan. Feb. 20, 2015) (further citation omitted)). But plaintiff never supports its conclusory allegations of damage to its goodwill or business reputation. *Cf. Digital Ally, Inc. v. Corum*, No. 17-CV-02026-DDC-GLR, 2017 WL 1545671, at *4 (D. Kan. Apr. 28, 2017) ("By citing examples, the *Zagula* plaintiff demonstrated that the snowballing threat [*i.e.*, losing employee through recruitment] was real, 'not just a theoretical or speculative possibility.'" (citing *Zagula*, 2015 WL 736344, at *4) (further citation omitted)). Without a more substantial showing, the court is unpersuaded that use of these allegedly copyrighted slide materials amounts to harm that is irreparable.

### 2. Lanham Act

Plaintiff also contends that it will suffer irreparable harm based on defendants' Lanham Act violation. Plaintiff asserts that Mr. Kesler used the testimonials of two of plaintiff's clients without their permission. According to plaintiff, these clients will be less likely to refer colleagues in plaintiff's target market if plaintiff fails to stop defendants from using their names

and likenesses, and these two clients may be less likely to use plaintiff's products and services in the future. Docs. 7–8.

The court finds that—in large measure due to defendants' self-corrective behavior actions— little risk of future injury exists. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance."). Here, Mr. Kesler removed both testimonials from his website immediately after reading the affidavits of these clients. *See Greenway Univ., Inc. v. Greenway of Ariz., L.L.C.*, No. 11-CV-01055-CMA-KLM, 2011 WL 2669174, at *6 (D. Colo. July 7, 2011) ("Defendant's efforts to disassociate itself with the Greenway name and remove the copied text from the website lessens the likelihood that Plaintiff will suffer irreparable harm absent an injunction." (citation omitted)). The relief plaintiff seeks under the Lanham Act—*i.e.*, removal of the contested testimonials— already has been achieved, and granting a preliminary injunction thus is unnecessary. The court is careful to note that defendants' voluntary cessation does not moot plaintiff's Lanham Act claim, nor does it give Mr. Kesler license to use these testimonials. But, based on the current record, the court finds that plaintiff has not discharged its burden to establish irreparable harm.

## IV.    Conclusion

For the foregoing reasons, the court holds that plaintiff has failed to establish that it would suffer irreparable harm absent an injunction. Because plaintiff has failed to meet its burden, the court finds it unnecessary to address the other preliminary injunction factors. *See Dominion Video Satellite*, 356 F.3d 1266 n.8. And, exercising its discretion, the court denies plaintiff's Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Preliminary Injunction (Doc. 3) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of November, 2018, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**